LEYENDECKER et al. v. STRANGE.

No. 11906.

Court of Civil Appeals of Texas. Galveston.

July 24, 1947.

Rehearing Denied Oct. 9, 1947.

**846**

Nowlin Randolph, of Houston, for appellants.

Dyess & Dyess, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Willard A. Strange, for the recovery of damages alleged to have been sustained as the result of the breach of a contract of employment with appellants, J. B. and C. B. Leyendecker.

Appellee alleged that appellants were the owners of the U. S. Truck Line, and that J. B. Leyendecker had made repeated offers to him to work for the U. S. Truck Line, and that in conformity with such offer he and his partner, O. F. Bright, sold their truck line to appellants; that as a part of the consideration for such sale, appellants agreed to pay him for his services with the U. S. Truck Line the sum of $500 per month as salary and to pay him in addition thereto 2% of the annual gross income of the U. S. Truck Line and to pay him 1% of the gross earnings of the U. S. Truck Line if and when it purchased the

M. C. M. Truck Line; that such employment under the terms alleged would continue so long as appellee's services were satisfactory to appellants. Appellee alleged that such services were satisfactory and that they continued for a period of one year.

Appellants' main contention on appeal is that appellee's cause of action for compensation for his services is an attempt to add to and vary by parol the terms of the written contract of sale of appellee's truck line to appellants. They complain of the action of the trial court in admitting evidence seeking to vary and alter the terms of the written contract of sale by attaching thereto an unwritten contract of employment.

Appellants owned and operated the U. S. Truck Line. Appellee and his partner, O. F. Bright, owned and operated the Bright Truck Line. Appellee testified that appellants had made repeated offers to him to work for the U. S. Truck Line; that pursuant to these offers he discussed the matter with his then partner, O. F. Bright, and that as a result thereof he and Bright negotiated a written contract of sale of the Bright Truck Line to the U. S. Truck Line for the sum of $28,000; that as a part of the agreement and contemporaneous therewith, and as a part of the consideration therefor, a collateral oral agreement was entered into between appellee and Bright and appellants that both appellee and Bright should work for U. S. Truck Line.

Appellee contends that the collateral contemporaneous oral agreement to employ him and to pay him a commission on the gross earnings of the U. S. Truck Line and his subsequent acceptance of employment with the U. S. Truck Line was part of the original contract for the sale of the Bright Truck Line to appellants, only a part of which, namely, the contract of sale of equipment, was reduced to writing, and that it was permissible to introduce evidence of such agreement.

In 32 C.J.S., Evidence, § 997, pages 970, 971, it is said that:

"The parol evidence rule does not preclude the admission of extrinsic evidence of

a valid prior or contemporaneous parol agreement which is collateral both in form and substance, in that, although related in a general sense to the written instrument in question, it is independent thereof and does not vary or contradict the express or implied provisions thereof nor invade the particular field which the instrument undertakes to expressly or impliedly cover, but instead has for its subject a matter which the parties might naturally deal with separately.

"* * * Except where, as shown infra, § 999, the writing expressly excludes oral agreements, evidence of a parol collateral agreement may be received, regardless of whether or not the written agreement contains any reference to such collateral agreement, or whether or not the oral contract refers to the written contract, and whether the action is at law or in equity. Proof of such an agreement must be clear and precise, and the existence of the alleged collateral agreement is a question for the jury.

"Although, to justify admission of evidence of an oral agreement as a collateral one, the agreement must be collateral in form, form alone is not sufficient, for, if it were, written contracts might always be modified by parol, it not being difficult, where a contract contains several promises on each side, to put anyone of them in the form of a collateral agreement. Substance, and not form, is the test; and in applying this test the policy of the courts of the particular state should be considered, such as a policy, more strict than that of some other jurisdictions, of upholding the parol evidence rule and not lightly or easily adopting modifications thereof. To be collateral, the agreement may and must be such as the parties might naturally make separately and would not ordinarily be expected to embody in the writing; and it must not be so clearly connected with the principal transaction as to be part and parcel thereof."

This exception to the parol evidence rule has been uniformly followed in Texas.

In the case of Geyser Ice Co. v. Sharp, Tex.Civ.App., 87 S.W.2d 883, the court held that where an original contract was verbal and only a part of it was reduced to writing, parol evidence was admissible to make it complete, though such evidence shows a separate oral agreement about matters as to which the writing was silent but which are not inconsistent therewith, citing authorities, including 17 Texas Jurisprudence, 817 et seq., Sec. 366. The court held that another recognized exception to the parol evidence rule permits proof and enforcement of an independent parol agreement which is shown to have been entered into as an inducement to the making of a written contract, though not mentioned therein.

■ While it is a general rule that, in the absence of fraud and mistake, parol evidence is not admissible to contradict, vary, alter, add to, or detract from, the terms of an instrument complete upon its face and unambiguous, yet where the written instrument does not evidence the complete contract, parol evidence, consistent with the written instrument, is admissible to show the full agreement. Chadwick Machinery Co. v. Kelley, Tex.Civ.App., 60 S.W.2d 555.

■ In the case of New York Life Ins. Co. v. Thomas, 47 Tex.Civ.App. 149, 104 S.W. 1074, 1075, it was held that where an independent parol agreement has been made as an inducement to the making of a written contract the oral agreement may be proved and enforced, though not referred to in the written contract. In that case the court in its opinion said:

"It is the settled rule of law that one contract may be the consideration of another, the inducement to the execution thereof, and, where an independent parol agreement has been made as an inducement to the making of a written contract, the former may be proved and enforced, though not referred to in the latter", citing authorities.

The following authorities recognize the above rule: Martin v. Hemphill, Tex.Com. App., 237 S.W. 550; Allen v. Herrick Hardware Co., 55 Tex.Civ.App. 249, 118 S.W. 1157; Harness v. Luttrall, Tex.Civ.App., 225 S.W. 810; Stuart v. Meyer, Tex.Civ. App., 196 S.W. 615, writ refused; Chapman v. Witherspoon, Tex.Civ.App., 192 S.W. 281.

In the instant case appellee testified, in substance, that prior to the execution of the contract to appellants for sale of his interest in the Bright Truck Line, Mr. Leyendecker told him that he was considering the purchase of certain equipment of the M. C. M. Truck Line and that in the event he made this purchase, if appellee was interested and could get out from under his own truck line, he would make him a proposition where he could earn from $800 to $900 per month; that later the Leyendeckers purchased the equipment of the M. C. M. Truck Line and that he and Mr. Bright sold their truck line to appellants; that as a part of the contract for the sale of the Bright Truck Line J. B. Leyendecker agreed orally to pay appellee a salary of $500 per month and two (2%) per cent of the gross sales, and in addition thereto to pay him two per cent of the gross sales of the U. S. Truck Line until appellants purchased the equipment of the M. C. M. Truck Line, at which time he was to receive one per cent of the gross receipts of both truck lines, said commissions to be paid at the end of each year.

■ The evidence is, we think, sufficient to justify the finding of the jury that appellee had a parol agreement with appellants for his employment and that the written contract for the sale of his interest in the Bright Truck Line was part of the agreement for his employment. Under the above authorities, evidence of this contract for employment and the compensation to be paid therefor may be proven by parol.

Under appropriate points appellants assign error to the trial court's action in excluding the evidence of the financial statements and the partnership income tax return of Bright Truck Line for the year 1944.

■ This evidence was sought to be introduced by appellants for the purpose of contradicting certain statements made by appellee with reference to the financial condition of the Bright Truck Line. The court in his ruling held that the evidence was not material to any issue in the case. This ruling must be sustained.

■ It is the established rule in this state that a witness may not be questioned upon cross-examination upon immaterial matters as a predicate for his impeachment. 45 Texas Jurisprudence, 26-29, Sec. 193; 70 Corpus Juris, 1161, Sec. 1345; Cloud v. Cloud, Tex.Civ.App., 139 S.W.2d 826.

Appellants further contend that the court erred in allowing interest on the judgment rendered from May 1, 1946.

■ This contention cannot be sustained. In the instant case appellee prayed for the recovery of $5640, with interest and costs of suit. We think the court was clearly within its rights in allowing interest from May 1, 1946, such interest being due appellee as a matter of law.

It follows from above conclusions that the judgment of the trial court should in all things be affirmed.

Affirmed.