Zolan A. WILKINS, Jr., et al,
Appellants,

v.

James BAIN, Appellee.

No. 20561.

Court of Civil Appeals of Texas,
Dallas.

April 20, 1981.

Durwood C. Crawford, Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, for appellants.

M. Kenneth Patterson, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellee.

Before ROBERTSON, STOREY and STEPHENS, JJ.

STEPHENS, Justice.

This is a breach of contract case. Based on a jury verdict, the court awarded subcontractor Bain judgment for labor done and materials furnished, less a deduction to general contractor Wilkins for his cost of completion. The jury's findings were based on evidence offered in support of an oral agreement, contrary to the terms of a subsequent written agreement. The principal question is whether a prior oral or subsequent written contract controls. We conclude that the provisions of the oral agreement were merged into or superseded by the subsequent written contract which therefore controls. We also find that proper damages under the written contract are calculable and affirm on condition that Bain file a remittitur in the amount of $21,-646.50.

Appellee Bain has performed several jobs for appellant Wilkins prior to this one. Relying on certain oral representations made to Bain prior to the execution of the written contract, Bain argues that he was to perform the job as he had the "Killeen" job and that he would be paid accordingly. Consequently, Bain contends that these prior oral agreements govern this job. Wilkins denies the prior-oral agreements and contends that all agreements between the parties were merged into, or superseded by the subsequent written contract. The written contract places certain risks of loss on Bain, and provides for a total contract price of $66,500. After partial performance, Bain demanded payment for extra work that he was forced to perform due to damage caused by other subcontractors, and for increased costs occasioned by bad weather. Relying on the terms of the written contract, Wilkins declined Bain's demand, and when Bain refused to perform further, replaced him with another subcontractor who completed the project.

■ Wilkins first contends that any prior oral agreement of the parties is superseded by the subsequent written contract.

We agree. It is undisputed that after the parties had discussed the job, a written agreement was prepared and executed. However, Bain sued on the oral agreement, contending that the written contract was a sham and thus of no force and effect. He pleaded neither ambiguity, fraud, accident, nor mistake. Absent pleading and proof of ambiguity, fraud, accident or mistake, a written instrument presumes that all prior agreements of the parties relating to the transaction have been merged into the written instrument. Its provisions will be enforced as written and cannot be added to, varied, or contradicted by parol testimony. *Davis v. Andrews*, 361 S.W.2d 419 (Tex.Civ. App.—Dallas 1962, writ ref'd n. r. e.). Although parol evidence was admitted, without objection, to vary and contradict the terms of the written agreement, such evidence lacks probative force and cannot support the jury's findings. *Benson v. Jones*, 578 S.W.2d 480 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); *Fort Worth National Bank v. Harrell*, 544 S.W.2d 697 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.). We sustain this point of error.

■ Wilkins further complains that there was insufficient evidence to support the award of an attorney's fee of $7,500. His argument in support of this point is that Bain failed to segregate time spent prosecuting his claim and defending the counterclaim. Bain's attorney testified he and members of his firm expended 100 hours in preparing this case for litigation and that $75 per hour was a reasonable fee. We hold there is no necessity for Bain to segregate time spent prosecuting his claim and defending Wilkins' counterclaim in this fact situation. Wilkins cites three cases to this court as authority for the proposition that attorney's fees must be denied because the attorney failed to segregate time spent on the main suit and time spent defending the counterclaim. Each cited case stands for the proposition that where the claim asserted is one in which the award of attorney's fees is allowed by statute and another theory sued upon is one in which attorney's fees are not allowed by statute, the attorney's

time must be segregated. *International Security Life Ins. Co. v. Finck*, 496 S.W.2d 544 (Tex.1973); *American National Bank & Trust v. First Wisconsin Mortgage Trust*, 577 S.W.2d 312 (Tex.Civ.App.—Beaumont 1979, writ ref'd n. r. e.); *Bray v. Curtis*, 544 S.W.2d 816 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). These cases are not authority in this instance. Tex.Rev.Civ. Stat.Ann. art. 2226 (Vernon Supp.1981) was amended to be effective August 29, 1977, to provide for the recovery of attorney's fees in cases of breach of written or oral contracts. Although this case was brought on an oral contract, and we hold that a subsequent written contract between the parties controls, the claim and counterclaim both arise out of the same transaction; thus, whether the contract was oral or written, Bain was entitled to attorney's fees under article 2226. Further, Bain's claim to recover the contract price necessarily involved the same facts as Wilkins' counterclaim to recover damages for delay in completing the job. It has been held when the same facts necessary for a claimant to recover serve to defeat an opponent's counterclaim, the entire amount of attorney's fees incurred can be said to have occurred in the prosecution of the claimant's cause of action. *Damstra v. Starr*, 585 S.W.2d 817, 821 (Tex.Civ.App.—Texarkana 1979, no writ); *Miller v. Patterson*, 537 S.W.2d 360 (Tex. Civ.App.—Fort Worth 1976, no writ). This court has recently stated its reasoning in a similar situation in *Williamson v. Tucker*, 615 S.W.2d 881 (Tex.Civ.App.—Dallas 1981). We overrule this point of error.

On appeal, Wilkins seeks alternative relief by modification of the judgment or remittitur. By applying figures conceded during oral argument, we believe proper damages may be determined, and thus the judgment can be made to conform with the terms of the written contract and avoid the necessity of a new trial.

Wilkins concedes that the written contract price of $66,500 has not been fully paid. Bain, by his pleadings and testimony, admits that he has been paid $56,246.50, leaving an unpaid balance of $10,253.50.

The jury found Wilkins' cost of completion to be $2,700 which Wilkins concedes to be correct. Bain offered into evidence bills for extra work, not covered by the contract, contending that Wilkins had approved them. Wilkins concedes that four of the extra items were approved for payment, in the total sum of $450. Thus, by taking the unpaid balance of $10,253.50, adding the extra items of $450, and deducting Wilkins' cost of completion of $2,700 we arrive at $8,003.50 still due and owing Bain on the contract, together with his reasonable attorney's fees as found by the jury in the sum of $7,500.

Accordingly, we affirm conditioned upon Bain filing a remittitur of $21,696.50 on or before ten days from the date of this judgment, or in the event of a motion for rehearing, within ten days from the date of the order on the motion for rehearing. Interest shall accrue on the sum of $8,003.50 at the rate of six percent (6%) per annum from May 17, 1977, until date of the trial court's judgment, February 22, 1980, and thereafter on such accrued sum together with the sum of $7,500 awarded as attorney's fees at the rate of nine percent (9%) per annum until paid. All costs are taxed against the appellant. In the event Bain fails to file the remittitur in the time ordered, we reverse and remand.