Don WEINACHT, et al., Appellants,

v.

PHILLIPS COAL CO. and Murff F. Bledsoe, Appellees.

No. 05–83–00751–CV.

Court of Appeals of Texas, Dallas.

June 21, 1984.

Charles W. Pauly, Shank, Irwin, Conant & Williamson, A.B. Conant, Jr., Dallas, for appellants.

Michael V. Powell, Rain, Harrell, Emery, Young & Doke, Dallas, James A. Simpson, Richardson, for appellees.

Before ALLEN, ROWE and SHUMPERT, JJ.

ALLEN, Justice.

Don Weinacht appeals a summary judgment granted in favor of the appellees, Phillips Coal Company and Murff F. Bledsoe. Weinacht argues that the trial court erred in entering summary judgment because (1) enforcement of the alleged oral contract is not barred by the statute of frauds or parol evidence rule, (2) Weinacht's alternative action based on fraud falls within exceptions to the statute of frauds and parol evidence rule, (3) the oral agreement is not too vague or indefinite to be enforced, (4) there existed genuine issues of material fact concerning the contract between the parties, and (5) Weinacht's claim against Bledsoe is not barred by the statute of limitations. We disagree with Weinacht's contentions, and, therefore, we affirm the judgment of the trial court.

It is undisputed that the parties entered into a written coal lease for a primary term of 25 years. The written lease recited that Weinacht, as lessor, was to receive a royalty equal to 5% of the actual sales price of the coal at the mine. Three years after the execution of the lease, Weinacht brought suit against Phillips and Bledsoe alleging breach of contract and fraud. Weinacht contended that the parties orally agreed that if Phillips gave a higher royalty in a coal lease to any other landowner in the county, then Phillips would increase Weinacht's royalty to match the higher royalty. Weinacht alleged that Phillips had given an 8% royalty in the county, that Phillips had failed to raise Weinacht's 5% royalty to 8%, and that such failure had deprived Weinacht of nine million dollars in royalties. Phillips and Bledsoe moved for summary judgment on the basis that enforcement of the alleged oral agreement was barred by the statute of frauds and by the parol evidence rule. Summary judgment was granted in favor of Phillips and Bledsoe, and Weinacht brings this appeal.

In his first point of error, Weinacht argues that his cause of action on the contract seeking enforcement of the alleged oral agreement is not barred by the

statute of frauds. Weinacht argues that the consideration for a contract that falls within the statute of frauds need not be in writing. While this is the general rule, an exception to this rule applies in the instant case. Where the consideration itself comes within the statute of frauds, such consideration must be evidenced by a contract or memorandum in writing. *Kistler v. Latham,* 255 S.W. 983 (Tex.Comm'n App. 1923, judgmt adopted). Weinacht's royalty, payable in money, is a real property interest. *Sheffield v. Hogg,* 124 Tex. 290, 77 S.W.2d 1021 (1934). Contracts for the conveyance of real property are within the statute of frauds. TEX.BUS. & COM. CODE ANN. § 26.01 (Vernon 1968). The alleged oral agreement for the conveyance by Phillips to Weinacht of a greater royalty interest is a contract for the conveyance of real property and falls within the statute of frauds. Therefore, the enforcement of the oral agreement is barred by the statute of frauds.

 In his next point of error, Weinacht argues that his action based upon Phillips' alleged breach of the oral contract is not barred by the parol evidence rule. It is settled that when contracting parties have concluded a valid integrated agreement, whether written or oral, dealing with the particular subject matter they have between them, the parol evidence rule will prevent enforcement of prior or contemporaneous agreements which are inconsistent with the integrated agreement. The rule precluding proof of the inconsistent agreements is not a mere rule of evidence but is a rule of substantive law, applicable as in this case to prior and contemporaneous oral agreements not collateral to, but inconsistent with, the written agreements. *Reeves v. Lago Vista, Inc.,* 497 S.W.2d 950, 953 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.).

 Initially, Weinacht claims that the parol evidence rule does not bar enforcement of the oral agreement because the written agreement is not a final integrated agreement between the parties. Absent pleading and proof of ambiguity, fraud, accident or mistake, a written instrument presumes that all prior agreements of the parties relating to the transaction have been merged into the written instrument. Its provisions will be enforced as written and cannot be added to, varied, or contradicted by parol testimony. *Wilkins v. Bain,* 615 S.W.2d 314 (Tex.Civ.App.—Dallas 1981, no writ). It is equally well settled that in the absence of fraud, accident, or mutual mistake, the parol or extrinsic evidence rule is particularly applicable where the written contract contains a recital that it contains the "entire agreement between the parties," or a similarly worded merger provision. *Austin Shoe Stores v. The Elizabeth Co.,* 538 S.W.2d 677, 680 (Tex.Civ. App.—Waco 1976, writ ref'd n.r.e.). Paragraph 23 of the coal lease states:

> This Lease merges the prior negotiations and understandings of the parties hereto and embodies the entire agreement of the parties and there are not other agreements, assurances, conditions, covenants (express or implied) or other terms with respect to the surface of the Premises and/or the coal situated in, on or under the Premises, whether written or verbal or antecedent or contemporaneous with the execution hereof.

 Weinacht argues that the written contract is not integrated because the merger clause does not cover the subject matter of the alleged oral agreement, in that the quantum of royalty to be retained by Weinacht has nothing to do with the surface of the premises or the coal situated in, on or under the premises. Ignoring, for the moment, Weinacht's allegations of fraud, we find this argument to be unconvincing. The "coal in, on or under the premises" is at the very heart of the written agreement, wherein Weinacht conveyed the mineral estate to Phillips. Weinacht's royalty, payable in money, is a real property interest in the coal in, on or under the premises. *See Sheffield v. Hogg,* 124 Tex. 290, 77 S.W.2d 1021 (1934). We hold that in regard to Weinacht's theory of recovery based on Phillips' alleged breach of the oral contract, the written contract is integrated.

Next, Weinacht claims that the parol evidence rule does not apply because the oral agreement is collateral to, and not inconsistent with, the written agreement. We disagree. The parol evidence rule does not preclude enforcement of prior contemporaneous agreements which are collateral to, not inconsistent with, and do not vary or contradict the express or implied terms or obligations thereof. *Bowers Steel, Inc. v. DeBrooke*, 557 S.W.2d 369, 373 (Tex.Civ. App.—San Antonio 1977, no writ). To be collateral, the agreement may and must be such as the parties might naturally make separately and would not ordinarily be expected to embody in the writing; and it must not be so clearly connected with the principal transaction as to be part and parcel thereof. *Leyendecker v. Strange*, 204 S.W.2d 845, 847 (Tex.Civ.App.—Galveston 1947, writ ref'd n.r.e.). We hold that the alleged oral agreement in the instant case is not collateral to, and is inconsistent with, the written agreement between the parties, and that the parol evidence rule prevents the enforcement of the alleged contemporaneous oral agreement.

Next, Weinacht argues that in the event his cause of action for breach of the alleged oral agreement is barred, he is still entitled to recover on his alternative allegations of fraud, authorized by TEX.BUS. & COMM.CODE ANN. § 27.01 (Vernon 1968 and Vernon Supp.1984), because fraud is an exception to the application of both the statute of frauds and the parole evidence rule. Section 27.01 provides a statutory cause of action for fraudulent inducements in real estate transactions. Subsection (b) of section 27.01 allows the recovery of "contract type" damages on a cause of action based on fraud when it is shown that the cause of action is permissible under section 27.01. In response, Phillips contends that Weinacht's alternative allegations, although sounding in tort (fraud), merely reiterate the breach of contract allegations, and therefore, there being no true allegations of fraud, the application of the statute of frauds and the parole evidence rule will not be prevented based on Weinacht's claim of fraud. We agree with Phillips' contentions.

Weinacht contends that his petition stated two causes of action: (1) a cause of action ex contractu for reformation and for damages for breach of contract, and (2) a cause of action ex delicto for fraud in a real estate transaction based on TEX.BUS. & COMM.CODE ANN. § 27.01. Weinacht claims that his contractual agreement with Phillips with regard to royalty payments was actually that Weinacht would receive a royalty payment equal to the highest royalty percentage Phillips agreed to pay any landowner in Robertson County, despite the percentage set forth in the written contract. The allegations in Weinacht's petition do not allege a tort, but allege a breach of contract. TEX.BUS.COMM. CODE ANN. § 27.01 was not intended to apply to a breach of contract. In every bilateral contract at least one of the parties to the contract promises to do something in the future, and makes such promise "as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into the contract." In order for section 27.01 to apply to a transaction in real estate, the false promise must relate to something which is collateral, and not be the consideration of the very contract, for breach of which a party sues. Section 27.-01 was not enacted to enable a plaintiff, whose real complaint is that a defendant breached a contract, to sue in tort merely because the law against varying or contradicting the terms of a written contract might make a recovery of damages for breach of contract difficult if the suit is ex contractu. *See Long v. Humble Oil and Refining Co.*, 154 S.W.2d 925 (Tex.Civ.App. —Galveston 1940, writ ref'd w.o.m.).

We have carefully considered the allegations of Weinacht's petition to see if they state a cause of action for fraud under section 27.01. We have concluded that they fail to do so. They merely allege a cause of action upon a contract, and not in tort. In determining whether the promise is collateral to the land transaction in

question we must always look to the nature of the alleged false promise. Substance, and not form, is the test in determining whether the promise is collateral. *Leyendecker,* 204 S.W.2d at 847. In the instant case, the alleged oral promise made by Phillips does not relate to a collateral matter, rather, it relates to the consideration of the very contract for breach of which Weinacht sues. We hold, therefore, that Weinacht's alternative allegations do not allege a cause of action for fraud under section 27.01, but merely allege breach of the oral agreement, the enforcement of which is barred.

A discussion of Weinacht's remaining points of error are not material to this opinion because of our holding on the points already addressed. They, therefore, will not be discussed by this opinion.

We hold that the trial court correctly entered summary judgment in favor of Phillips Coal Co. and Murff F. Bledsoe. The judgment is affirmed.