Bill D. SMITH, Appellant,

v.

Patricia Ann SMITH, Appellee.

No. 05–89–01488–CV.

Court of Appeals of Texas, Dallas.

July 10, 1990.

Rehearing Denied Aug. 28, 1990.

W. Randolph Elliott, Dallas, for appellant.

David J. Kaplan, Joseph W. Geary, Dallas, for appellee.

Before McCLUNG, BAKER and THOMAS, JJ.

## OPINION

BAKER, Justice.

Bill D. Smith brought suit against Patricia Ann Smith to enforce an addendum to a settlement agreement incident to their divorce. Both parties moved for summary judgment. The trial court granted Patricia's motion, holding that the addendum was not enforceable. On appeal, Bill contends that the trial court erred in granting Patricia's motion and denying his. We reverse and render.

### Background

On June 1, 1984, Bill and Patricia were divorced. In conjunction with the divorce, the parties entered into an "Agreement Incident to Divorce" (AID) which divided the parties' property and liabilities. The AID was filed of record and incorporated by reference into the divorce decree. In the AID, Bill agreed to timely pay any income tax liability for 1983 and prior years and to hold Patricia harmless for same.

On March 8, 1988, Bill sued Patricia claiming that she was liable for one-half of $67,741.57 in federal income tax liabilities for the 1982 and 1983 tax years for a real

estate investment which the Smiths had owned during the marriage. Bill based his claim on an addendum to the AID which purported to make Patricia liable for one-half of the tax liabilities on the particular investment in question. Patricia answered, contending that the addendum to the AID was unenforceable and counterclaimed averring that Bill had breached his agreement to hold her harmless. Both sides moved for summary judgment. The trial court granted Patricia's motion, held the addendum unenforceable, and awarded her attorney's fees. Bill appeals.

### Standard of Review

 The standards for reviewing a motion for summary judgment are:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant is entitled to a summary judgment if it establishes, as a matter of law, that at least one element of a plaintiff's cause of action does not exist or, if it is relying on an affirmative defense, that it has conclusively established all the essential elements of that defense. *See Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex. 1975); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). When both sides have filed motions for summary judgment, the reviewing court may determine whether the granting or denial of any of the motions was error and may reverse the trial court's judgment and render such judgment as the trial court should have rendered, including rendering judgment for the other movant. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.

1988); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958). The court should consider all evidence accompanying both motions in determining whether to grant either party's motion. *Villarreal v. Laredo Nat'l Bank,* 677 S.W.2d 600, 605 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

### Summary Judgment Evidence

The summary judgment evidence, in pertinent part, consisted of the following:

1. AID signed by Patricia on May 25, 1984 and by Bill on June 1, 1984 and entered of record on June 1, 1984, providing that "Husband agrees to timely pay and hold Wife harmless from any income tax liability of Husband or Wife or both for 1983 and all prior years."

2. (Addendum 1)[1] Letter from Patricia to Bill dated May 31, 1984, entitled "Addendum to *Agreement Incident to Divorce*" which states, "It is my understanding that we will share equally in all profits, losses, taxes and costs." The document has handwritten additions inserted. The document is approved by Patricia's divorce counsel.

3. (Addendum 2)[2] Letter from Patricia to Bill dated May 31, 1984. Document identical to Addendum 1 but has handwritten additions typed in.

4. Affidavit of Bill stating that the parties entered into the addendum incident to the AID with the intention that Patricia would remain liable for one-half the tax assessments on the property in question. It was further intended that the addendum would be a binding part of the parties' AID. "On June 1, 1984, myself, Louise Raggio, and Jerry Gilmore proved up the Agreement Incident to Divorce and the Addendum at the divorce proceeding. The Addendum was read into the record and accepted as part of the Agreement by the court. The Agreement Incident to Divorce was filed, but the Addendum was not with the knowledge of the court. At no time was there any discussion or indication that the Ad-

---

**1.** This document appears as Addendum 1 to this opinion.

**2.** This document appears as Addendum 2 to this opinion.

dendum was not a binding part of the Agreement Incident to Divorce." I have been assessed $63,654.51 by the IRS on the particular property in question. I have paid the full amount and have requested reimbursement for fifty percent from Patricia, which she refused to pay in accordance with the addendum.

5. Affidavit of Jerry Gilmore stating that he represented Bill in the prior divorce action and that "[Addendum] 1 is a true and correct copy of an instrument entitled "Addendum to *Agreement Incident to Divorce*" dated as of May 31, 1984, addressed to Bill D. Smith, signed by Patricia Ann Smith and approved by her attorney, Louise B. Raggio. The entire contents of this instrument, including the handwritten interlineations, were read into the record of the court proceedings held ... on June 1, 1984. At that hearing, the judge, ... as part of said proceedings, asked the parties present, which included Bill D. Smith, myself and Louise B. Raggio, who appeared on behalf of Patricia Ann Smith, whether the terms of this Addendum were accepted and agreed to by the parties, to which Bill D. Smith replied affirmatively and Louise B. Raggio, as the attorney for Patricia Ann Smith, also replied affirmatively. Following the hearing approving the parties' divorce on June 1, 1984, my secretary, at my direction, retyped the Exhibit 1 Addendum to conform with the handwritten interlineations ... After it had been retyped, I forwarded the retyped Addendum to Louise B. Raggio for re-execution by Patricia Ann Smith and approval by Ms. Raggio. In response to this action, I received a letter dated June 19, 1984 from Ms. Raggio ... The enclosure which accompanied the ... letter is attached to this affidavit as [Addendum 2]."

6. Letter signed by Patricia on June 1, 1984, and file stamped of that date stating, "I authorize Louise B. Raggio to represent me in whatever determinations are necessary in my divorce. I have read and understood the property settlement and I agree to it. I have extremely important time constraints this afternoon and cannot attend the prove up of the divorce decree on June 1, 1984."

7. Affidavit of Darla Chavez, the divorce court reporter, which states that any court reporter's notes for the June 1, 1984 hearing would have been destroyed pursuant to regular business practice.

8. Interrogatories of Patricia admitting that she intentionally and knowingly signed Addendum 1 and 2.

9. Affidavit and interrogatories by Patricia stating that pursuant to the AID she is not liable for any taxes for 1983 and prior years and that she is to be held harmless.

At the hearing on the motions for summary judgment, Patricia contended that she was entitled to a summary judgment as a matter of law and Bill was not because: (1) rule 11 of the Texas Rules of Civil Procedure precludes introduction of evidence of agreements between parties not filed with the papers as part of the record or made in open court and entered of record; and (2) the Addendum was inadmissible to vary the terms of the AID because of the parol evidence rule, the merger doctrine, and an integration clause contained in the AID. Bill contends that he has conclusively established the Addendum's existence, its breach, his damages, and that none of Patricia's defenses apply as a matter of law. We will analyze both party's contentions in relation to Patricia's reasons in support of her summary judgment.

### 1. Rule 11

Rule 11 of the Texas Rules of Civil Procedure provides that:

Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

TEX.R.CIV.P. 11. There is no dispute that the Addendum was not filed with the papers as part of the record in the divorce action. The dispute is whether Bill complied with rule 11 by reading the Addendum in open court and entering it of

record. Patricia contends that this can only be done by having the Addendum read into the record, having the record reduced to writing, and having it entered into the record in this cause. She argues that if the alleged agreement is not entered into the record in this fashion, *Kennedy v. Hyde*, 682 S.W.2d 525 (Tex.1984), prevents any further inquiry as to its existence. *See Kennedy*, 682 S.W.2d at 530.

We disagree with Patricia's contentions for several reasons. First, rule 11 requires only that the agreement between the parties be made in open court and entered of record. It does not require that the agreement be reduced to writing by the court reporter and introduced into the record. TEX.R.CIV.P. 11. Second, the agreement in *Kennedy* which the supreme court refused to enforce was an oral agreement. Once the oral agreement was denied, the court held that that ends the inquiry. *See Kennedy*, 682 S.W.2d at 530. In the present case, there is a writing entitled "Addendum to *Agreement Incident to Divorce*" which was signed by both Patricia and her divorce counsel. The summary judgment evidence reflects that she admitted that she signed the agreement intentionally and knowingly. She did not deny the existence of the Addendum or dispute its terms. Third, Bill and his divorce counsel submitted summary judgment affidavits which established that the Addendum was read in open court and entered of record. These affidavits state that the judge asked both sides whether the Addendum was agreed upon to which Patricia's divorce counsel responded affirmatively. A note signed by Patricia was filed in the divorce action on June 1, 1984, stating that she could not attend the hearing and that her counsel had the authority to do whatever was necessary. Bill explained the absence of the statement of facts of the June 1, 1984 hearing by the court reporter's affidavit stating that the notes of the hearing had been destroyed pursuant to regular business practice. Finally, Patricia did not controvert any of the foregoing facts with any competent summary judgment evidence. In our view, Patricia failed to establish as a matter of law that rule 11 precludes the enforcement of the Addendum. To the contrary, Bill's summary judgment evidence conclusively established compliance with rule 11. His evidence established the existence of the signed Addendum, that its terms were undisputed, that it was read in open court, entered into the record, and agreed to by counsel. This evidence was clear, positive, direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *See* TEX.R.CIV.P. 166a(c). We hold that rule 11 is not a defense in this case.

### 2. The Parol Evidence Rule, Merger Doctrine, and Integration Clause

 Patricia argues that the parol evidence rule, the merger doctrine, and an integration clause [3] contained in the AID precludes introduction of the Addendum to vary the terms of the AID. All of these defenses are interrelated. The parol evidence rule provides that if the parties have integrated their agreement into a single written memorial, all prior negotiations and agreements with regard to the same subject matter are excluded from consideration whether they were oral or written. Additionally, a written instrument presumes that all prior agreements relating to the transaction have been merged into it and it will be enforced as written and cannot be added to, varied, or contradicted by parol testimony. *See Wilkins v. Bain*, 615 S.W.2d 314, 315 (Tex.Civ.App.—Dallas 1981, no writ). The rule is particularly applicable where the written contract contains a recital that it contains the entire agreement between the parties or a similarly worded merger provision. *Weinacht v. Phillips Coal Co.*, 673 S.W.2d 677, 679 (Tex.App.—Dallas 1984, no writ).

 Merger, with respect to the law of contracts, refers to the extinguishment of one contract by its absorption into another contract and is largely a matter of the

---

**3.** The AID provided that "this instrument expresses the entire agreement between the parties concerning the subjects it purports to cover."

intention of the parties. *Caranas v. Jones*, 437 S.W.2d 905, 910 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.); 17A C.J.S. *Contracts* § 380 (1963). Before one contract is merged into another, the last contract must be between the same parties as the first, must embrace the same subject matter, and must have been so intended by the parties. A written agreement is not superseded or invalidated by a subsequent integration relating to the same subject matter if the agreement is such that might naturally be made as a separate agreement. Parties to a contract may adjust the details of a transaction without abrogating the entire agreement. *See* 17A C.J.S. *Contracts* § 382 (1963); *see also Morgan v. Stover*, 511 S.W.2d 362, 364 (Tex.Civ.App.—Eastland 1974, writ ref'd n.r.e.). However, if the parties to one contract execute another whose terms are so inconsistent with the first that they both cannot stand, the first agreement is conclusively presumed to have been superseded by the second. *Balboa Ins. Co. v. K & D and Assoc.*, 589 S.W.2d 752, 758 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). An integration clause is in essence the merger doctrine memorialized.

In our view, none of these defenses apply. On May 25, 1984, Patricia executed the AID and delivered it to Bill for his execution. On May 31, as part of the ongoing settlement negotiations, Patricia modified the AID by executing the Addendum. On June 1, the AID and Addendum were finalized and made enforceable by complying with rule 11. Subsequently, Patricia reexecuted a clean Addendum. In our view, the Addendum was what it purported to be, an "Addendum to *Agreement Incident to Divorce.*" Patricia's summary judgment evidence does not controvert this. We hold that Patricia failed to conclusively establish any of her defenses as a matter of law or raise a fact issue thereon. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Patricia was not entitled to a summary judgment.

## Bill's Motion for Summary Judgment

Bill contends that he is entitled to a summary judgment as a matter of law. We must determine whether Bill has proven his breach of contract action as a matter of law. Bill's summary judgment evidence established an agreement (the Addendum) that renders Patricia liable for one-half of the tax assessments on the particular investment in question, that the Internal Revenue Service has assessed a tax assessment of $67,741.57, that Bill has paid it and demanded reimbursement for one-half from Patricia, and that she has refused to pay. This evidence was not controverted. In our view, Bill has conclusively established all the elements of his breach of contract action as a matter of law. *See Stegman v. Chavers*, 704 S.W.2d 793, 795 (Tex.App.—Dallas 1985, no writ).

The trial court judgment found that Bill is entitled to attorney's fees in the amount of $20,000 for services in the trial court and for $10,000 for services in the court of appeals if this court was to reverse the trial court's judgment. Patricia has not challenged this part of the trial court's judgment.

We reverse the trial court's summary judgment for Patricia and render judgment for Bill against Patricia for $33,870.78 in actual damages, prejudgment interest in the amount of $4,707.91, $30,000 in attorney's fees, together with interest on all said sums at the rate of 10% per annum from this date until paid, and all costs in the trial court.

Addendum 1
May 31, 1984

*Wording agreed to*
*Jerry Gilmore 5/3*

Bill D. Smith
JPJ Architects, Inc.
2001 Bryan Tower
Dallas, Texas 75201

Re: Addendum to Agreement Incident to Divorce

Dear Bill:

As you know, in our Agreement Incident to Divorce we have agreed to continue holding in joint ownership our interest in Delta Towers Ltd. Partnership, San Vicente Ltd. Partnership, Springs Ltd. Partnership and Resource Systems Ltd. We shall each own an undivided one-half interest in those partnerships. It is my understanding that we will share equally in all profits, losses, taxes and costs. *It is my further understanding all such interest are fully paid for, with the exception of Delta Tow*

It is my further understanding, however, that the investment in the partnerships is subject to review by the Internal Revenue Service and that there is a possibility that the Internal Revenue Service may disallow all or a portion of the investment credit and tax write-off that was taken when the partnerships were purchased. In the event the Internal Revenue Service does challenge the deductions taken and attempts to assess additional taxes for the year or years in which the partnerships were purchased, I agree to pay, cause to be paid or hold you harmless in the event you are required to pay any additional assessment for taxes, penalty and/or interest occasioned by the purchase of these partnerships for the tax years in which the deductions were taken. I further agree to fully cooperate with you in the defense of any such attempted assessment and/or review and I do hereby appoint you my power of attorney to deal with the Internal Revenue Service in opposing any such additional assessment or determination of additional taxes, interest and/or penalties due.

I further understand that this agreement is limited only to my pro rata portion of additional taxes, penalties and/or interest which may be due by reason of our joint ownership of Delta Towers Ltd. Partnership, San Vicente Ltd. Partnership, Springs Ltd. Partnership and Resource Systems Ltd.

Sincerely,

PATRICIA ANN SMITH

APPROVED:

By
Raggio & Raggio, Inc.

**830**

Addendum 2

May 31, 1984

Bill D. Smith
JPJ Architects, Inc.
2001 Bryan Tower
Dallas, Texas 75201

Re: Addendum to <u>Agreement Incident to Divorce</u>

Dear Bill:

As you know, in our <u>Agreement Incident to Divorce</u> we have agreed to continue holding in joint ownership our interests in Delta Towers Ltd. Partnership, San Vicente Ltd. Partnership, Springs Ltd. Partnership and Resource Systems Ltd. We shall each own an undivided one-half of the interest in those partnerships. It is my understanding that we will share equally in all profits, losses, taxes and costs. It is my further understanding that all such interests are fully paid for, with the exception of Delta Towers Ltd.

It is my further understanding, however, that the investment in the partnerships is subject to review by the Internal Revenue Service and that there is a possibility that the Internal Revenue Service may disallow all or a portion of the investment credit and tax write-off that was taken when the partnerships were purchased. In the event the Internal Revenue Service does challenge the deductions taken and attempts to assess additional taxes for the year or years in which the partnerships were purchased, I agree to pay, cause to be paid or hold you harmless in the event you are required to pay any additional assessment for taxes, penalty and/or interest occasioned by the purchase of these partnerships for the tax years in which the deductions were taken. I further agree to fully cooperate with you in the defense of any such attempted assessment and/or review and I do hereby appoint you my power of attorney to deal with the Internal Revenue Service in opposing any such additional assessment or determination of additional taxes, interest and/or penalties due.

I further understand that this agreement is limited only to my pro rata portion of additional taxes, penalties and/or interest which may be due by reason of our joint ownership of Delta Towers Ltd. Partnership, San Vicente Ltd. Partnership, Springs Ltd. Partnership and Resource Systems Ltd.

Sincerely,

PATRICIA ANN SMITH

APPROVED:

By
Raggio & Raggio, Inc.