**Reversed and Remanded in part and Affirmed in part; Opinion Filed August 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00795-CV

## IN THE INTEREST OF K.K.W., A MINOR CHILD

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-04-12034-R**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

Mother appeals from an adverse final judgment in favor of Father and the trustee of a trust Mother and Father established for their son, K.K.W., in connection with their divorce. Neither parent was awarded child support, but they could seek reimbursement from the trust for certain expenses they incurred on behalf of K.K.W. About seven years after the divorce was finalized, this litigation ensued principally about Mother's complaint that Father was paying more to support K.K.W. than ordered by the family court by providing additional funds to Trustee from which Trustee paid as much of Mother's reimbursement submittals as Trustee approved pursuant to the terms of K.K.W.'s trust. Mother claims the divorce decree supersedes the terms of the trust and requires Trustee to use only trust funds to reimburse her and that she is entitled to reimbursement for all of K.K.W.'s expenses, not just those categories of expenses enumerated in the trust. The trial court ruled against Mother's claims and in favor of Father and Trustee's assertions about K.K.W.'s trust.

On appeal in five issues, Mother challenges five of seven partial summary judgment rulings, as well as the award of attorney's fees and costs to Father and Trustee after a bench trial. Generally, we conclude the terms of the divorce decree do not supersede the terms of the trust and the Trustee is not prevented from using Father's supplemental funds to reimburse Mother for K.K.W.'s expenses allowed by the trust. So, we reject Mother's central theory of her claims. But we conclude Mother is a contingent residuary and remainder beneficiary of the trust, so we reject Trustee and Father's challenge to her standing. That conclusion undermines the limited basis on which judgment was granted against Mother's claim for removal of Trustee. So, for the reasons explained below and without any inference as to the merits, we reverse and remand to the trial court Mother's claim for removal of Trustee for further proceedings consistent with this opinion. As to all the other relief granted by the trial court, we affirm the trial court's judgment.

## BACKGROUND

In July 2004, Father sued Mother for divorce after about four years of marriage. The couple had one child, K.K.W. Mother and Father executed a mediated settlement agreement (MSA) on May 3, 2005, an Agreement Incident to Divorce (AID) on August 15, 2005, K.K.W.'s trust on August 17, 2005, and the divorce decree on August 19, 2005. The MSA included provisions for creating K.K.W's trust. The AID did not mention K.K.W.'s trust except to state that in the event of Mother's death, any funds in a trust established for her would pass to K.K.W.'s trust.[1] The AID provided that the MSA merged into the AID and decree and that to the extent any differences existed the decree would control. The merger clause in the AID did not incorporate K.K.W.'s trust nor was the Trustee a party to the divorce proceedings and he did not sign the MSA, AID, or

---

[1] The AID included provisions for creating Mother's trust.

decree. Only Father, Mother, and Trustee signed K.K.W.'s trust instrument, not the family district judge.[2]

In the Agreed Final Decree of Divorce under the heading, "Child Support," the decree ordered Father to provide Mother with $1 million as part of the division of the marital estate and that Mother contribute the $1 million, together with an additional $1 million contributed by Father, to establish K.K.W.'s trust. The decree further ordered that John McReynolds serve as the trustee of the trust. The decree also provided:

> IT IS FURTHER ORDERED that the trust shall be used for the exclusive benefit of [K.K.W.] to pay for his education, clothes, special activities, medical expenses, health insurance premiums, extra curricular activities, daycare/nanny expenses and any other necessaries of [K.K.W.] as deemed necessary in the sole discretion of the trustee, John McReynolds.

> The Court finds that the [trust] being established by the parties shall pay for all of the child's financial needs as set forth above.[3] IT IS THEREFORE ORDERED AND DECREED that neither party shall be ordered to pay the other party child support. IT IS ORDERED that each parent shall be responsible for the expenses of the child, incurred while in his or her respective possession, that are not paid by the trust.

K.K.W.'s trust instrument contained a statement of intent by the settlors, Mother and Father, to assist the trustee in making distribution decisions. The statement indicated the primary purpose of the trust was to provide for K.K.W.'s primary, secondary, and post-secondary education, and in accordance with the couple's MSA, to provide for his clothing, special activities, medical expenses, extracurricular activities, daycare/nanny expenses, "and any other necessaries of [K.K.W.] as deemed necessary in the sole discretion of the Trustee."

---

[2] Although it would not be expected that a judge would sign a trust, we set forth those facts on which Father and Trustee later base one of their arguments. *See infra* n. 11.

[3] This sentence originally provided "The Court finds that the [trust] being established by the parties shall pay for all of the child's significant financial needs." However, the word "significant" was crossed out and the phrase "as set forth above" was hand written and initialed.

The trust set forth different distribution provisions depending on, among other things, who served as trustee. Section 3.2(c) of the trust instrument provided that if K.K.W. was not serving as trustee of the trust, the trustee "shall distribute to or for the benefit of [K.K.W.] so much of the net income or principal or both from such trust as shall be appropriate to provide for [K.K.W's] financial needs, including, but not limited to, [K.K.W.'s] health, education, (including extra curricular activities), clothing (including reimbursement for such clothing purchased by either parent), special activities and the expense of providing for daycare or private nanny services." Under section 4.5, in every case where the trustee was authorized or directed to make payments to a beneficiary under the trust, he was also authorized to apply monies for the benefit of the beneficiary, including the power to make payments directly to third parties who furnish goods or services to the beneficiary. The decision of the trustee "with respect to those uses, purposes and applications deemed to be for the benefit of [K.K.W.]" is conclusive.

Beginning in 2005, Mother requested and received reimbursement from Trustee for various expenses she paid for K.K.W. In 2011, a dispute arose between Mother and Trustee after some of Mother's reimbursement requests were denied.[4] In an August 2012 letter in response to Mother's inquiry involving reimbursement issues and trust assets, Trustee indicated, among other things, that the majority of the trust assets were invested in shares of a private banking company specifying the current dollar-value of the corpus of the trust and that the trust had not had any expenses to date because Trustee had accepted Father's offer to fund Trustee's payment of the expenses of the trust including Mother's reimbursements.[5] In the letter, Trustee also noted that he accepted Father's offer "subject to my continuing to have, as Trustee, complete and sole discretion over what expenses of [Mother] are reimbursed, and what tax payments are reimbursed, without any

---

[4] In her appellate brief, Mother indicates that reimbursement requests totaling about $38,000 had been denied.

[5] Trustee's letter did not state whether or not the information in the letter comprised an accounting.

input or review of [Father] about what does and does not get paid." Trustee further stated he had not interpreted the trust to allow for "child-support-like" expenses and considered Mother's expenses that were submitted and denied, outside the scope of what he considered to be reimbursable under the terms of the trust. Finally, Trustee offered to submit the issue of what expenses were reimbursable under the trust terms "to the appropriate forum for judicial review."

In January 2014, Father filed a petition pursuant to the Declaratory Judgments Act[6] seeking a declaration from the trial court construing the trust instrument and divorce decree to determine the parameters of the trust's reimbursement obligations for K.K.W.'s expenses. Mother filed a counter-petition against Father and a third-party petition against Trustee seeking, among other things, a declaration of Trustee's obligation to pay certain expenses of K.K.W. and a declaration that the decree "is the controlling instrument and the trustee is obligated to pay [K.K.W]'s expenses as set forth in the decree." Mother also asserted a claim for reformation of the trust instrument, and claims for breach of contract, fraud, constructive fraud, removal of Trustee, and breach of fiduciary duty and aiding and abetting breach of fiduciary duty. Additionally, Mother sought enforcement of the divorce decree requesting the trial court "order payment of all expenses submitted to [Trustee] that were not paid as ordered by the Court."[7] The basis for virtually all of Mother's causes of action are her contentions that (1) because the divorce decree superseded the distribution standards set forth in the trust instrument, Trustee failed to reimburse her for expenses he was obligated to reimburse, and (2) the "secret agreement" between Father and Trustee where Father supplied additional money out of which Trustee paid trust expenses, including

---

[6] TEX. CIV. PRAC. & REM. CODE ANN. §§37.001-011 (West 2015).

[7] Mother later amended her pleadings to include claims in her capacity as "Next Friend" of K.K.W. The trial court granted Father's and Trustee's motions to remove Mother as "Next Friend" of K.K.W and appointed a guardian ad litem for K.K.W. The guardian ad litem asserted no claims against Father or Trustee.

reimbursements due Mother, was improper because the divorce decree ordered K.K.W's expenses to be paid from the trust.

After granting seven motions for partial summary judgment in favor of Father and Trustee and against Mother on all causes of action, the trial court conducted a bench trial on the issue of attorney's fees and costs under the Declaratory Judgments Act and the Trust Code. Only Father and Trustee presented evidence in support of their claims for attorney's fees. The trial court ultimately rendered a final judgment incorporating the earlier partial summary judgment rulings, granting Father's and Trustee's requests for declaratory relief, ordering Mother take nothing on all of her claims, and awarding costs, attorney's fees, and conditional attorney's fees to both Father and Trustee. Mother filed this appeal.

## ANALYSIS

Mother presents four issues specifically complaining about the following five summary judgment rulings: (1) Father's traditional and no-evidence motions for partial summary judgment seeking a ruling against Mother's claim for enforcement of the divorce decree, (2) Father's motion for summary judgment in favor of the merits of his competing declaratory judgment claims, (3) Father's traditional and no-evidence motions for partial summary judgment against the merits of Mother's actual and constructive fraud claims, (4) Trustee's motion for summary judgment against the merits of Mother's third-party claims for declaratory judgment, and (5) Trustee's motion for summary judgment against the merits of Mother's claims for enforcement of the decree, actual and constructive fraud, breach of fiduciary duty, removal of trustee, and reformation of the

trust instrument.[8]  Mother's fifth issue seeks reversal of the trial court's awards of attorney's fees and costs contingent on our reversal of any of the trial court's summary judgment rulings.

## A.    Standard of Review

We review the trial court's grant of summary judgment de novo.  *See B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 279 (Tex. 2017).  For motions based on traditional grounds, the movant has the burden to demonstrate no genuine issue of material fact exists and he is entitled to judgment as a matter of law.  *See id.*  No-evidence motions for summary judgment are reviewed under the same legal sufficiency standard as a directed verdict.  *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).  Thus, the non-movant must produce more than a scintilla of evidence to support each challenged element of her claims.  *See id.*  In our review of both types of summary judgment motions, we view the evidence in the light most favorable to the nomovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not.  *Id.* (no evidence); *B.C.*, 512 S.W.3d at 279 (traditional).  Declaratory judgments rendered by summary judgment are reviewed under the same standards that govern summary judgments generally.  *Washington Square Fin., LLC v. RSL Funding, LLC*, 418 S.W.3d 761, 767 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

## B.    Declaratory Judgments

In his first amended petition, Father requested that the trial court construe the terms of the decree and the trust instrument together and to declare that (1) only the trust instrument sets forth the terms of the obligation of the trustee to pay K.K.W.'s expenses and (2) the trust was not amended or altered by the decree.  He also requested a declaration that under the trust terms, the

---

[8] Father also moved for and was granted summary judgment in his favor on Mother's claims for breach of contract and aiding and abetting a breach of fiduciary duty.  Similarly, Trustee moved for and was granted summary judgment on Mother's breach of contract claim.  Because Mother has not challenged the trial court's disposition of these claims in this Court, we affirm the trial court's judgment on these claims.  *See White v. Calvache,* No. 05-17-00127-CV, 2018 WL 525684, at *3 (Tex. App.—Dallas January 24, 2018, no pet.) (mem. op.); *AmeriPath, Inc. v. Hebert*, 447 S.W.3d 319, 343 (Tex. App.—Dallas 2014, pet. denied).

trustee was not required "to pay all of the expenses of [K.K.W.]." Father moved for summary judgment on these claims, as well as Mother's cross-claim for declaratory judgment seeking conflicting declarations, arguing that, as a matter law, the decree does not control the standard the trustee is to apply in paying K.K.W's expenses. Trustee also moved for summary judgment on Mother's declaratory judgment claim against him. The trial court ruled in Father's and Trustee's favor making their requested declarations.

On appeal, Mother contends the trial court erred in ruling in favor of Father's summary judgment arguments that the trust could not be modified, that the trustee was not bound by the decree, and the trust was not subject to the AID merger clause. She also argues Father did not establish the trust superseded the decree as a matter of law. She also asserts her responsive evidence raised fact issues on whether the trust instrument superseded the MSA, AID, and decree and whether the trustee applied the correct distribution standard for reimbursement of K.K.W's expenses. Mother specifically asserts the following facts preclude summary judgment on the declaratory judgment claim: (1) the dates the various documents were executed, (2) the creation and funding of the trust before the signing of the decree despite Father's representation in the decree to the contrary, (3) the fact that no trust funds were used to reimburse K.K.W's expenses, and (4) Trustee's letter indicating the trust did not reimburse for "child support like" expenses. On appeal, Mother contends Trustee refused to reimburse Mother for about $38,000 of K.K.W's expenses in accordance with the decree, but she does not identify in her brief what specific expenses were denied other than to suggest they were "'child support like' expenses" nor did she assert a claim that Trustee abused his discretion for failing to reimburse any specific expenses. In her reply brief, Mother characterizes the trust as a "support trust" suggesting the trust should pay child support expenses such as housing expenses and food expenses. Mother also contends the decree requires the trust to reimburse for K.K.W.'s necessaries. After reviewing the summary

judgment record, we conclude the trial court correctly rendered summary judgment on the declaratory judgment claims.

We construe an agreed divorce decree according to the rules governing the construction of contracts. *In re R.F.G,* 282 S.W.3d 722, 725 (Tex. App.—Dallas 2009, no pet.); *Perry v. Perry*, 512 S.W.3d 523, 527 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Our main objective is to determine the true intent of the parties as expressed in the writing itself. *In re R.F.G.*, 282 S.W.3d at 725. Where, as here, the decree when read as a whole is unambiguous, we must adhere to the literal language used.[9] *See Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009).

The decree before us did not award child support to either party and instead ordered the creation of a trust to "be used for the exclusive benefit of [K.K.W.] to pay for his education, clothes, special activities, medical expenses, health insurance premiums, extra curricular activities, daycare/nanny expenses and any other necessaries of [K.K.W.] as deemed necessary in the sole discretion of the trustee . . . ." The decree also ordered that each parent was responsible for K.K.W's expenses incurred while in his or her respective possession and not paid by the trust. Moreover, the decree's distribution standard is no greater than the distribution standard set forth in the trust instrument signed two days earlier which provided that the trustee "shall distribute to or for the benefit of [K.K.W.] so much of the net income or principal or both from such trust as shall be appropriate to provide for [K.K.W's] financial needs, including, but not limited to, [K.K.W.'s] health, education, (including extra curricular activities), clothing (including reimbursement for such clothing purchased by either parent), special activities and the expense of providing for daycare or private nanny services."

Contrary to Mother's contentions, nothing in the decree supports her position that the decree governed the administration of the trust or created a distribution standard that superseded

---

[9] No party below or on appeal contends the decree is ambiguous.

or varied from the distribution standard set forth in the trust instrument. The decree itself contemplated that K.K.W. might have expenses that were not reimbursable by the trust because it expressly provided that any unreimbursed expenses would be borne by the parent incurring them. Mother contends the decree requires the trust to pay "child support like" expenses. However, the decree language stating "the trust shall be used for the exclusive benefit of [K.K.W.] to pay for his education . . ." and the immediately following sentence "The Court finds that the [Trust] being established by the parties shall pay for all of the child's financial needs *as set forth above*" (emphasis added) specifically enumerates the type of expenses the trust was to reimburse and did not include a general category for "child support like" expenses or necessaries (like food or housing) apart from those necessaries "as deemed necessary in the sole discretion of the trustee."

We also do not agree with Mother's argument that the same sentences quoted above from the decree require Trustee to use the trust's resources—rather than supplemental sources—to reimburse K.K.W.'s expenses. The language, "the Trust shall be used for the exclusive benefit of [K.K.W.] to pay" K.K.W.'s expenses ends with the phrase, "as deemed necessary in the sole discretion of the Trustee, John McReynolds." Although the exclusive-benefit clause is absolute so Trustee has no discretion to benefit anyone other than K.K.W. from the trust while K.K.W. is alive, the discretion clause clearly modifies everything else in the sentence that precedes it, including Trustee's decision whether "to pay" from the trust. The text, therefore, clearly provides Trustee the discretion to not pay from the trust's resources expenses the trust is obligated to pay, if presented with the opportunity to provide for those obligations from another source. In other words, Trustee had the discretion under the terms of the trust to determine use of the trust's funds was not "necessary." As analyzed above, the next sentence in the decree, "the K.K.W. Trust . . . shall pay," ends with the modifying clause, "as set forth above." So that "shall pay" statement references the Trustee's discretion in the preceding sentence. We conclude, therefore, there is no

language in the text of the decree requiring Trustee to utilize the trust's specific resources to provide for the trust's obligations. We further conclude the "sole discretion of the Trustee" language affirmatively authorizes Trustee to exercise his discretion in a common sense way to preserve the corpus of the trust by paying the trust's obligations from sources other than the trust. Mother's arguments that there is a conflict between the texts of the decree and trust fail as does her argument that the decree requires Trustee to pay reimbursements out of trust assets.

We further reject Mother's argument that the merger clause in the AID results in the decree superseding the trust instrument. "Merger, with respect to the law of contracts, refers to the extinguishment of one contract by its absorption into another contract and is largely a matter of the intention of the parties." *Smith v. Smith*, 794 S.W.2d 823, 827–28 (Tex. App.—Dallas 1990, writ withdrawn) (citing *Caranas v. Jones*, 437 S.W.2d 905, 910 (Tex. Civ. App.—Dallas 1969, writ ref'd n.r.e.) and 17A C.J.S. Contracts § 380 (1963)). But, "[a] written agreement is not superseded or invalidated by a subsequent integration relating to the same subject matter if the agreement is such that might naturally be made as a separate agreement." *Id*. at 828. Here, there are two paragraphs in the AID that constitute a merger clause. They provide,

> 11.05. This Agreement Incident to Divorce and the Agreed Final Decree of Divorce supersedes all other agreements, either oral or in writing, between the parties relating to the rights and liabilities arising out of their marriage. This Agreement Incident to Divorce and the Agreed Final Decree of Divorce contain the entire agreement of the parties.
>
> 11.16 Merger of Mediated Settlement Agreement. This Agreement is stipulated to represent a merger of the Mediated Settlement Agreement executed by the parties on May 2, 2005. To the extent there exist any differences between the referenced Mediated Settlement Agreement and this Agreement, this Agreement shall control in all instances.[10]

---

[10] The MSA in the appellate record is dated May 3, 2005, but neither the parties nor we assign any significance to the inconsistency with recitation in the AID merger clause.

The text of the merger clause does not identify the trust instrument as a document that is merged into or superseded by the decree while naming all the other documents Mother and Father signed. That is some textual indication the parties did not intend the trust instrument to merge into the AID or decree. Even Mother does not argue the entire trust is merged into the AID and decree, just the provisions she disputes. Inherently a trust instrument is a stand-alone document intended to be separate from the other aspects of divorce proceedings because it contains extensive provisions governing the assets of the trust not appropriate to put into the AID or decree. So the text of the AID and the context of what the parties sought to achieve by these documents support the conclusion that K.K.W.'s trust is not merged into, or its terms superseded by, the AID and decree.

Father and Trustee also argue Mother did not respond to the motion for summary judgment regarding merger, so she did not preserve her arguments for appeal. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").[11] In addition, they argue there is no conflict between the decree and trust instrument—as we have concluded—which is a requirement of merger. *See Smith*, 794 S.W.2d at 828. Accordingly, there is no basis for us to conclude that the trial court that issued the decree erred when it granted summary judgment declaring that its decree did not supersede the terms of the trust.

It follows from our conclusions that we necessarily reject Mother's contention that summary judgment was precluded on these claims based on fact issues regarding Trustee's privity to the divorce decree (Trustee was not a party to the divorce and never appeared in the divorce proceeding), the pre-funding of the trust, and Father's representation in the decree that he had not yet funded the trust. None of these issues were material to the trial court's construction of the

---

[11] Father and Trustee further argue there are not identical parties to the decree and trust because the judge was among those who executed the decree but did not execute the trust instrument while Trustee was not a party to the divorce proceedings but his position and appointment is established by the trust. *See Smith*, 794 S.W.2d at 828.

decree and trust instrument and therefore did not preclude summary judgment on the declaratory judgment actions. Thus, based on the evidence before it, we conclude the trial court did not err in granting summary judgment declaring, as a matter of law, that only the trust governed Trustee's obligation to pay K.K.W's expenses; the trust did not substantially differ from and was not amended or altered by the decree; and Trustee was not required under the terms of the trust to pay all of K.K.W.'s expenses. Further, the trial court did not err when it granted summary judgment against Mother's contention that Trustee was required to use the trust's resources to pay obligations of the trust necessarily deciding Trustee could use funds from other sources to do so, such as Father's supplemental funds. Accordingly, we affirm the trial court's rulings on Father, Trustee, and Mother's competing summary judgments regarding the declaratory judgment claims

### C. Enforcement of Decree

Mother also sought enforcement of the decree, requesting the trial court to order payment of "all expenses submitted to Trustee that were not paid as ordered by the Court." Mother argues because the trust was being established to facilitate payment of K.K.W's expenses in lieu of periodic child support payments, Trustee's denial of her reimbursement request for "child support like" expenses was improper and payment should be enforced under the decree. This claim, like Mother's declaratory judgment claim, was based on the same decree provisions regarding establishment of the trust which she alleged superseded and controlled the terms and administration of the trust and, thus, the trust's reimbursement obligations for K.K.W.'s expenses.

We concluded above that the trial court did not err in declaring only the trust instrument controlled reimbursement for K.K.W's expenses; the decree did not supersede, differ from, or amend the trust instrument; and Trustee was not required to pay all of K.K.W.'s expenses. As a result, Mother's enforcement claim necessarily fails as a matter of law for the same reasons set

forth above in our analysis of the declaratory judgment claims. Accordingly, we affirm the trial court's summary judgment on Mother's claim to enforce the decree without further discussion.

### D. Actual Fraud

To succeed on an actual fraud claim a plaintiff must present evidence that (1) the defendant made a material representation that was false, (2) the defendant knew it was false or recklessly made the representation, (3) the defendant intended the plaintiff to rely on the representation, (4) the plaintiff relied on the representation, and (5) the plaintiff was injured as a result. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P. L.L.C.,* 546 S.W.3d 648, 653 (Tex. 2018). Father and Trustee moved for summary judgment on Mother's actual fraud against them each asserting, among other things, that there was no evidence Mother was injured from the alleged fraud. On appeal, Mother argues her affidavit with attachments and the trust instrument itself presented sufficient evidence to create a fact issue on the injury element of her fraud claim. We do not agree.

Mother's fraud claim was based on the alleged secret agreement between Father and Trustee to have Father fund Trustee's payment of all trust expenses, including Mother's reimbursement requests. Mother pleaded in her fraud claim that the failure to disclose this arrangement prevented her from being reimbursed from the trust as contemplated by the parties' agreements and from exercising her right under the *Crummey* provisions of the Trust.[12] However, neither Mother's affidavit nor the trust instrument provides evidence that Mother was injured by Father's agreement with Trustee. Mother did not raise the *Crummey* provision issue in her response to Father's no-evidence motion on her actual fraud claim.

---

[12] Mother pleaded her fraud and constructive fraud claims together. In the next section of this opinion, we set out in detail Mother's allegations. According to Mother's brief, *Crummey* provisions deal with transfers made to irrevocable inter vivos trusts where the beneficiaries possessed the right to withdraw an amount not to exceed the annual gift tax exclusion under 26 U.S.C.§ 2503(b). *See Crummey v. Commissioner*, 397 F.2d 82 (9th Cir. 1968).

–14–

Although the trust may have contained a *Crummey* provision, the summary judgment record is devoid of any evidence that the alleged secret agreement triggered the *Crummey* provisions, or that Mother would have exercised withdrawal rights under these provisions if aware of the alleged secret agreement.

Mother also argues on appeal and below that she was injured by the alleged fraud because she placed $1 million into a trust expecting the trust to pay for her child's expenses and the trust has never been used for that purpose. Once again, we have already determined the terms of the trust and decree do not require Trustee to pay reimbursable expenses from the trust's resources, but permit Trustee, in his "sole discretion," to use another source to pay expenses he determines should be reimbursed. Mother is charged with knowledge of the terms of the trust and decree at the time she placed into the trust the $1 million she received from Father for that purpose. Further, the summary judgment record contains no evidence that Mother would not have funded the trust if she had been aware that Father would fund, instead of the trust, the reimbursements of K.K.W.'s expenses. In fact, Trustee's motion for summary judgment contained excerpts from Mother's deposition testimony indicating she had been aware since 2005 that Father was paying certain of K.K.W.'s expenses to third parties, such as school expenses, outside of the trust and she did not object. Moreover, to the extent Mother contends she suffered injury in the form of unreimbursed expenses for K.K.W., there is nothing in the record to support a contention that Mother would have been reimbursed for these expenses had the money for the reimbursements come out of the trust, rather than funds supplied by Father to Trustee, nor has Mother made any such argument. Because Mother has failed to present evidence sufficient to create a fact issue on whether she was injured by the alleged secret agreement forming the basis of her fraud claim, the trial court did not err in granting Father's and Trustee's no-evidence summary judgment motions on this claim. Accordingly, we affirm the trial court's summary judgment on Mother's fraud claim.

### E.    Constructive Fraud

#### 1.    *Fiduciary Duty*

"Constructive fraud is the breach of a legal or equitable duty which the law declares fraudulent because it violates a fiduciary relationship." *Carnes v. Meador*, 533 S.W.2d 365, 370 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.). Constructive fraud does not require the intent to defraud; instead it is an equitable doctrine employed by courts to rectify an injury resulting from the breach of a fiduciary relationship. *Carnes,* 533 S.W.2d at 373. Father and Trustee moved for summary judgment on Mother's constructive fraud claims asserting there was no evidence of a fiduciary relationship between either of them and Mother.[13] We first analyze Father and Trustee's arguments and conclude that the trial court did not err in granting summary judgment as to Father but did err as to Trustee. We then analyze the implications of our earlier conclusions in this opinion and determine the trial court's error as to Trustee was harmless.

Mother contends *Miller v. Miller*, 700 S.W.2d 941 (Tex. App.—Dallas 1985, writ ref'd n.r.e.), *Boyd v. Boyd*, 67 S.W.3d 398 (Tex. App.—Fort Worth 2002, no pet.), and *Brooks v. Brooks*, 257 S.W.3d 418, (Tex. App.—Fort Worth 2008, pet. denied), support her position that Father had a fiduciary duty to disclose the side deal with Trustee because there was evidence that their arrangement existed "from the beginning," and the trust never operated as intended. We conclude none of these cases support Mother's position.

In *Boyd,* the court acknowledged that while a fiduciary duty arising from marriage does not continue when each hires lawyers in a contested divorce, where the parties represent that they have each disclosed marital property known to them, they have a duty to disclose the whole truth rather than making a partial disclosure that conveys a false impression. *Boyd*, 67 S.W.3d at 404–

---

[13] Father also moved for a traditional motion for summary judgment on the constructive fraud claim arguing that he had no fiduciary duty to Mother as a matter of law.

05. In *Miller*, the court held the divorcing husband had a fiduciary duty to his wife based on their personal relationship, lack of separate attorneys, and husband's position in the company regarding the stock agreements he had wife sign. *Miller*, 700 S.W.2d at 945. *Brooks,* although citing *Boyd,* does not address or involve fiduciary duties between spouses during divorce proceedings. *Brooks*, 275 S.W.3d at 422.

It is undisputed that Mother and Father had their own legal representation during the divorce proceeding. Moreover, there is no evidence in the record that Father and Trustee had an agreement to pay the expenses outside the trust before Mother and Father executed the MSA or K.K.W.'s trust was created and funded. Finally, Mother provides no argument or authority to support her position that, after the parties divorced, Father was required to disclose his arrangement with Trustee to fund the Trustee's payment of trust expenses to Mother. Accordingly, the trial court did not err in granting summary judgment to Father on Mother's constructive fraud claim.

With respect to Trustee, Mother asserts evidence that section 3.9 of the trust gives her a contingent remainder interest and contingent reversionary interest in trust property makes her a beneficiary under sections 111.004(2) and 111.004(6) of the trust code. *See* TEX. PROP. CODE ANN. §§ 111.004(2) and (6) (West 2014). She thus argues Trustee owes a fiduciary duty to her as a beneficiary of the trust. *See Huie v. De Shazo*, 922 S.W.2d 920, 923 (Tex. 1996) (trustees owe beneficiaries fiduciary duty to disclose all material facts known to them that might affect beneficiaries' rights). For the reasons we explain in the next section, we agree Mother has a contingent remainder interest and contingent reversionary interest in trust property, so she is a beneficiary. Generally, a trustee owes the same fiduciary duty to a contingent beneficiary as to one with a vested interest. S*ee Brown v. Scherk*, 393 S.W.2d. 172, 181 (Tex. Civ. App.—Corpus Christi 1965, no writ) (citing 90 C.J.S. Trust 247, page 235). Therefore, the record contains more than a scintilla of evidence Trustee owed a fiduciary duty to Mother as a contingent beneficiary of

the trust. The trial court erred, therefore, when it granted summary judgment on the basis in Trustee's motion for summary judgment against Mother's constructive fraud cause of action.

### 2. Harmless Error

Generally, summary judgments "may only be granted upon grounds expressly asserted in the summary judgment motion." *G&H Towing Co. v. Magee*, 347 S.W.3d 293 (Tex. 2011) (per curiam) (citing TEX. R. CIV. P. 166a(c) and *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)). But the supreme court has recognized a harmless error exception when a summary judgment is erroneously granted on some claims where such claims are precluded as a matter of law by other grounds granted in the motion. "Although a trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion, we agree that the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Id*. at 297–98. In *G&H Towing*, summary judgment was granted in favor of an employee and employer. The employee's motion for summary judgment negated as a matter of law liability for negligent entrustment of a vehicle to a co-worker who allegedly negligently caused a collision. *Id*. at 296. The employer's motion for summary judgment negated other claims against it but did not address its alleged respondeat superior liability for its employee's negligent entrustment of the vehicle. *Id*. The supreme court determined summary judgment granted in favor of the employee necessarily negated the employer's respondeat superior liability. Thus, the supreme court reversed the judgment of the court of appeals and remanded for further consideration of the harmless error exception to the general summary judgment rule.

The *G&H Towing* court cited *Cissne v. Robertson*, 782 S.W.2d 912, 918 (Tex. App.— Dallas 1989, writ denied)—an opinion of a different panel of this Court—when summarizing a number of intermediate court of appeals opinions as generally deciding, "These courts have affirmed summary judgments, even though the underlying motion omitted one of multiple causes

of action, when the omitted ground was intertwined with, and precluded by, a ground addressed in the motion." *G&H Towing*, 347 S.W.3d at 297. The supreme court further favorably quoted a practice treatise's distillation of this harmless error exception thus: "If the defendant has conclusively disproved an ultimate fact or element which is common to all causes of action alleged, or the unaddressed causes of action are derivative of the addressed cause of action, the summary judgment may be affirmed." *Id.* (citing TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE AND REVIEW § 3.06[3] at 3–20 (3d ed. 2010)).

Here, in her live pleading,[14] Mother alleged the conduct constituting fraud and constructive fraud was Trustee's "failure to notify [Mother] of the secret agreement [which] prevented her from exercising her rights under the trust's *Crummey* provisions to her detriment." Mother further pleaded this alleged conduct "prevented [her] from taking action to effectuate her rights." Mother also alleged the conduct caused actual damages between $200,000 and $1 million plus exemplary damages. The entirety of Mother's constructive fraud claim depends on her contention that the decree superseded the trust, the decree prohibited Trustee from using resources outside of the trust to pay the obligations of the trust, Trustee had done so secretly and thus violated the decree, and she was injured by this conduct by not timely exercising her rights under the *Crummey* provision.

We, however, have already determined in affirming the trial court's grant of summary judgment on the declaratory judgment claims that the trust and decree did not prohibit—and in fact authorized—Trustee to pay reimbursements from funds outside of K.K.W.'s trust. Then, in our analysis of the fraud claim, we determined the summary judgment record is devoid of any evidence that the alleged secret agreement constituted gifts to the trust for purposes of the *Crummey* provisions. These two conclusions, as a matter of law, negate Mother's constructive

---

[14] Mother's Fifth Amended Counter-Petition and Third-Party Petition is her live pleading because the trial court struck her sixth amended pleading. Mother makes no complaint on appeal about the trial court's order striking her pleading.

–19–

fraud claim. The wrongdoing Mother alleged was in fact sanctioned by the trust and decree. There is no evidence Trustee's exercise of discretion in paying reimbursements from sources other than the trust triggered the *Crummey* provisions. Mother's defensive pleading that the secrecy delayed her enforcement of the rights she alleges is inconsequential because there is no evidence the *Crummey* provisions were triggered, and Father and Trustee did not move for summary judgment on laches or limitations. Finally, Mother has not pleaded and cannot have an injury to her contingent remainder and contingent reversionary interests from Trustee's lawful acts of preserving the corpus of the trust by paying her reimbursements from sources other than the trust. Applying the harmless error exception recognized in *G&H Towing* and *Cissne* to Mother's constructive fraud claim, we conclude the trial court's erroneous grant of summary judgment based on Trustee's no-fiduciary duty argument was harmless error. Accordingly, we affirm the trial court's summary judgment on Mother's constructive fraud claim.

### F.      Breach of Fiduciary Duty, Reformation of the Trust, and Removal of Trustee

Trustee moved for summary judgment on Mother's claims for breach of fiduciary duty, removal of Trustee, and reformation of the trust on the ground that Mother lacked standing to assert those claims.[15] He argued because the only relationship Mother had with the trust was as a co-settlor, she did not qualify as an "interested person" under the trust code for standing.

### *1.      Standing—Mother's Interest in K.K.W.'s Trust*

Standing is a question of law for determination by the court although facts necessary to resolve the issue may need to be determined by the fact-finder. *See Linegar, v. DLA Piper LLP (US)*, 495 S.W.3d 276, 279 (Tex. 2016). Whether a plaintiff has standing to assert a particular claim depends on the pleaded facts and cause of action asserted. *Aubrey v. Aubrey*, 523 S.W.3d

---

[15] Trustee also moved for summary judgment on Mother's declaratory judgment claim based on lack of standing, but the trial court did not grant summary judgment on the declaratory judgment on this ground.

299, 311 (Tex. App.—Dallas 2017, no pet.) (quoting *Mazon Assocs., Inc. v. Comerica Bank*, 195 S.W.3d 800, 803 (Tex. App.—Dallas 2006, no pet.). Standing may be based on common law or statutory authority, but when standing has been statutorily conferred, the statute provides the correct framework for the standing analysis. *Id*.

Mother pleaded she had standing pursuant to sections 111.004(2), (6), (7); 115.001(a); and 115.011(a) and (b) of the Texas Trust Code. *See* TEX. PROP. CODE ANN. §§ 111.004 (2), (6), (7); 115.001(a); 115.011(a) and (b) (West 2014). Section 115.011 of the trust code confers standing on any "interested person" which is defined as "a trustee, beneficiary, or any other person having an interest in or claim against the trust or any person who is affected by the administration of the trust." *See id*. at §§ 111.004(7) and 115.011(a). A "beneficiary," in turn, is defined as a person for whose benefit property is held in trust, regardless of the nature of the interest. *Id*. at § 111.004(2). The "interest" may be legal or equitable or both, present or future, vested or contingent, defeasible or indefeasible. *Id*. at § 111.004(6). Whether a person, excluding a trustee or named beneficiary, is an interested person may vary from time to time and must be determined according to the particular purpose of and matter involved in any proceeding. *Id*. at §111.004(7). Applying this law to the facts, we conclude that Trustee failed to establish as a matter of law that Mother lacked standing to pursue these claims.

Section 3.9 of the trust provides that if K.K.W and his children and remote descendants die before the trust terminates, the trust's principal and income shall be distributed to Father, if living, otherwise to Mother, if living. Mother, therefore, has a contingent remainder interest and contingent reversionary interest in trust property. Trustee asserts that Mother's interest is "a remote, contingent, inheritance" interest and therefore insufficient to confer standing under the property code. However, even a remote and contingent interest is sufficient to confer standing as an interested person pursuant to the property code. *See Aubrey*, 523 S.W.3d at 313 (future

–21–

remainder interest sufficient for standing for removal of trustee under code even if interest contingent); *see also Hill v. Hunt*, No. 3:07-CV-2020-O, 2009 WL 5178021, at *2 (N.D. Tex. Dec. 30, 2009) (contingent remainder interest is "interest" under section 111.004(6) and makes holder an "interested person" under section 111.004(7)). Because Trustee failed to conclusively establish that Mother was not an interested person for purposes of bringing suit under section 115.011(a), the trial court erred in granting summary judgment on these claims based on lack of standing.

Having concluded that Trustee was not entitled to summary judgment on these claims based on Mother's lack of standing, we consider whether there was any other basis to support the trial court's ruling on Mother's claims for breach of fiduciary duty, removal of trustee, and reformation of trust.

### 2. Breach of Fiduciary Duty

The elements of a breach of fiduciary duty claim are: (1) a fiduciary duty relationship between the plaintiff and the defendant; (2) a breach of the fiduciary duty to the plaintiff; and (3) injury to the plaintiff. *See AmeriPath, Inc*, 447 S.W.3d at 340. Trustee also moved for summary judgment on Mother's breach of fiduciary duty claim on the basis there were no damages from any alleged breach of fiduciary duty by Trustee. In her opening brief, Mother did not address or challenge this summary judgment ground as it related to her breach of fiduciary claim. In her reply brief, however, Mother acknowledges Trustee's "no injury" ground with respect to this claim. She also refers us to her opening brief discussing the evidence she asserts raised a fact issue on the injury element of her actual fraud claim.

Because Mother did not challenge Trustee's no injury ground on her breach of fiduciary duty claim until her reply brief, the summary judgment on her breach of fiduciary duty claim may be affirmed on this basis. *See Rollins v. Denton Cty*, No. 02-14-00312-CV, 2015 WL 7817357 at * 2 n.6 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) (mem. op.) (reply brief may not be utilized

–22–

to challenge summary judgment ground for the first time on appeal when not argued in opening brief). Nevertheless, we have already concluded Mother's purported evidence of damages was insufficient to defeat summary judgment on Mother's fraud claim against Trustee and Father. We likewise conclude this evidence is insufficient to defeat summary judgment on her breach of fiduciary duty claim against Trustee for the same reasons. So, the trial court did not err in granting summary judgment on Mother's breach of fiduciary duty claim against Trustee. Accordingly, we affirm the trial court's summary judgment on Mother's breach of fiduciary duty claim against Trustee.

### 3. *Reformation of K.K.W.'s Trust*

Mother's claim for reformation of the trust is based upon her contention that the trust instrument does not accurately reflect the reimbursement standard set forth in the decree. Having already concluded the trial court properly granted summary judgment declaring, as a matter of law, only the trust defined Trustee's reimbursement obligations, thus any error in granting summary judgment on Mother's claim for reformation on the basis of lack of standing is harmless and remanding that claim is meaningless. *See G & H Towing*, 347 S.W.3d at 297 (like other final judgments we reverse only those portions of judgment based on harmful error); *Cissne*, 782 S.W.2d at 918 (reversal would be meaningless because questioned recovery precluded as a matter of law by other summary judgment determinations). Accordingly, we affirm the trial court's summary judgment on Mother's reformation claim.

### 4. *Removal of Trustee*

Mother sought removal of Trustee pursuant to section 113.082 (a)(3) and (4) of the trust code alleging, among other things, Trustee failed to provide Mother with a full and complete accounting of the trust after repeated requests, failed to disclose the arrangement between Father and Trustee regarding expenses Mother submitted to the trust for reimbursement, and failed to

provide Mother with notice as required by the trust instrument upon rejection of a reimbursement claim. Because Trustee was not entitled to summary judgment on the sole ground he raised relative to this claim—Mother's lack of standing—and none of the other bases for summary judgment which we affirmed above resolves as a matter of law the bases for removal alleged by Mother, we reverse the trial court's summary judgment on Mother's claim for removal of the trustee and remand the claim to the trial court for further proceedings.

In reaching this conclusion, we necessarily reject Trustee's contention that he was entitled to summary judgment on all claims because Mother suffered no injury and has not been damaged by the actions of Father and Trustee. As regards injury, some of the ways a person may demonstrate standing are if (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; (2) he has a direct relationship between the alleged injury and claim sought to be adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused the plaintiff some injury in fact, either economic, recreational, environmental, or otherwise. *See Hall v. Douglas*, 380 S.W.3d 860, 872–73 (Tex. App.—Dallas 2012, no pet.); *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.— Dallas 2005, no pet.). To have standing, a plaintiff must be personally aggrieved by the alleged wrong, his "injury must be concrete and particularized, actual or imminent, not hypothetical." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008); *see Nootsie Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). Trustee did not move for summary judgment as to all claims on the ground that that Mother was not injured. Trustee sought summary judgment only on Mother's breach of fiduciary duty claim and fraud claim on the grounds of no injury or damages. We concluded Mother has a contingent remainder interest and a contingent reversionary interest in the trust property and all parties agree Mother has a right to submit reimbursement requests for items authorized by the trust. Mother's allegations that she

–24–

demanded an accounting repeatedly and did not receive one, was not informed of Trustee's use of non-trust resources to reimburse expenses and was entitled to disclosure of that information, and she did not receive required notices when Trustee rejected her reimbursement claims state particularized ways specific to Mother that she claims her rights were violated. Trustee did not move for summary judgment that he did not owe the duties Mother alleges, did not breach the duties, or that Mother is not entitled to removal based solely on breaches of those duties so we have no occasion to evaluate such matters and nothing contained in this opinion expresses or implies our evaluation of these matters. We must reject Trustee's arguments, reverse the trial court's summary judgment on Mother's claim for removal of the trustee and remand the claim to the trial court for further proceedings.

### G. Attorney's Fees

In her fifth issue, Mother argues reversal of any of the summary judgments warrants a reconsideration of the attorney's fees awards because the trial court's analysis considered the denial of her claims in awarding fees. She also asserts reconsideration is necessary to allow her the opportunity to present a claim for attorney's fees on claims on which summary judgment was improper and fees were recoverable. Because we have not reversed any claims with respect to Father, we need address this issue only as it relates to Trustee. Trustee contends the award of attorney's fees in his favor should not be disturbed because it was not based solely on the outcome of the case and Mother has not challenged the reasonableness and necessity of the fee award. He also contends Mother waived her own claim for attorney's fees by failing to submit proof of her fees below.

We review a decision to award attorney's fees under the trust and Declaratory Judgments Act for an abuse of discretion. *Hachar v. Hachar*, 153 S.W.3d 138, 142 (Tex. App.—San Antonio 2004, no pet.) (trust code); *Barshop v. Medina Cty. Underground Water Conserv. Dist.,* 925

S.W.2d 618, 637 (Tex. 1996) (declaratory judgments). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.

Section 114.064 of the trust code and section 37.009 of the Declaratory Judgments Act authorize the trial court to make an award of costs and reasonable and necessary attorney's fees as are equitable and just. TEX. PROP. CODE ANN. § 114.64 (West 2014); TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015). Whether it is equitable and just to award attorney's fees depends on the concept of fairness, in light in light of all surrounding circumstances. *Ridge Oil Co., Inc. v. Guinn Invs., Inc*. 148 S.W.3d 143, 162 (Tex. 2004). The conclusion that an award is equitable and just is not dependent on a finding that a party substantially prevailed. *Barshop,* 925 S.W.2d at 637. And reversal of a trial court's decision on a declaratory judgment does not necessarily require reversal of the attorney's fees award. *See City of Temple, v. Taylor*, 268 S.W.3d 852, 858 (Tex. App.—Austin 2008, pet. denied).

Here, based on the record before us, we cannot conclude the trial court abused its discretion in connection with its award of attorney's fees to Trustee. Although the trial court found Trustee prevailed on all causes of action filed against him by Mother, it also found Trustee only incurred attorney's fees defending against Mother's claims and seeking attorney's fees for that defense. Moreover, the trial court found Mother caused Trustee to incur additional fees by "unnecessarily prolonging this suit," and by having her expert provide "an exorbitant number of opinions," and repeatedly changing her theories of the case.

Even with our reversal of the trial court's judgment with respect to Mother's claims for removal of trustee, Trustee has still prevailed on all but one of Mother's claims, including the central premise of case expressed in her declaratory judgment claim, which also authorized the attorney's fees award. Further, Trustee's argument asserted as to Mother's removal claim was

asserted against Mother's claims for constructive fraud and breach of fiduciary duty, both of which we have affirmed. Moreover, in light of the trial court's other findings regarding Mother's conduct during the case, we cannot conclude the trial court abused its discretion in connection with its attorney's fee award to Trustee. Accordingly, we resolve Mother's fifth issue against her and will not disturb the trial court's attorney's fees award.

## CONCLUSION

We reverse the trial court's judgment on Mother's claims for removal of Trustee. We remand that claim to the trial court for further proceedings consistent with this opinion. We affirm the trial court's judgment in all other respects.


/Craig Stoddart/
DAVID EVANS
JUSTICE


160795F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF K.K.W., A MINOR CHILD

No. 05-16-00795-CV      V.

On Appeal from the 254th Judicial District Court, Dallas County, Texas.
Trial Court Cause No. DF-04-12034-R.
Opinion delivered by Justice Evans, Justices Lang-Miers and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment granting summary judgment against Krista Beth Warren on her claim against John McReynolds for removal of trustee. We **REMAND** that claim to the trial court for further proceedings consistent with our opinion. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that Kelcy Warren recover his costs of this appeal from Krista Beth Warren. It is further ordered that Krista Warren and John Mc Reynolds each bear their own costs of appeal.

Judgment entered this 20th day of August, 2018.